IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

v.                                                          Case Number 3:15cr27/MCR

SAMUEL J. JOHNSON
_____/

### FACTUAL BASIS FOR GUILTY PLEA

1. The defendant admits that if this case were to proceed to trial, the government could prove the following facts.

2. A detective with the Pensacola Police Department conducted an undercover operation to identify persons using peer to peer networks on the internet to traffic and/or to distribute images of child pornography in the Northern District of Florida. Between on or about February 16, 2015, and February 17, 2015, the detective's computer connected to a computer device utilizing IP address 98.183.8.23 and downloaded four child pornography video files.

3. Special agents from Homeland Security Investigations (HSI) obtained records from Cox Communications that revealed the IP address was assigned to a residence in Fort Walton Beach, Florida, believed to be that of the defendant.

4. On April 7, 2015, the search warrant was executed on the residence and agents discovered the defendant had moved from the residence in March 2015 to live with his parents. However, the defendant's wife and children told agents that the defendant would visit daily and during the visits he would connect his smartphone and tablet computer to the residence's internet. A Dell laptop computer belonging to the defendant

FILED IN OPEN COURT THIS

9-14-2015

CLERK, U. S. DISTRICT
COURT, NORTH. DIST. FLA.

was seized from the residence.

5. On April 7, 2015, the defendant was interviewed by agents. Post *Miranda*, the defendant stated he owned a Samsung smartphone and a tablet computer. The Samsung smartphone was seized from the defendant. The defendant confirmed he lived with his parents, but would visit the Fort Walton Beach residence on a daily basis. Subsequent to the interview with the defendant, agents received consent from the defendant's parents to search their residence and seized the defendant's tablet computer from a shed behind the residence.

6. On April 7, 2015, search warrants were issued by a federal magistrate judge to search the defendant's Samsung smartphone and RCA tablet computer. After receiving the search warrants, a detective with the Pensacola Police Department conducted a forensic examination of the Samsung cellular telephone and RCA tablet computer. The detective found 30 videos and 33 images of child pornography, including images of children who had not attained the age of 12 years. The child pornography files were received from the internet and were transported in interstate or foreign commerce.

7. In addition to the child pornography, the detective recovered thousands of text messages from the Samsung smartphone sent using the application Groupme between an unknown minor female and the defendant. The text messages included the defendant's inducing or persuading the minor to produce and send a video of her masturbating. Also, the messages included a photograph of a high school class schedule sent by the minor female.

8. On April 9, 2015, post *Miranda*, the defendant admitted to possessing

videos and images of child pornography on his Samsung smartphone. In addition, the defendant stated he has been text messaging A.S. for over a year and knows she is under the age of sixteen.

9. During the investigation, A.S was identified as a fifteen year old (now sixteen year old) female. The defendant started a relationship with A.S. in the summer of 2013 when she was fourteen years old. Between July 2013 and April 2015, the defendant and A.S. text messaged each other daily using Groupme. A.S. revealed when she was fourteen years old the defendant had sexual intercourse with her at his residence in Fort Walton Beach, Florida. Thereafter, when they could not be together, the defendant would induce or persuade A.S to produce videos or photographs of her masturbating and send the videos and photographs to him through the internet. In addition, the defendant took photographs using a smartphone of them engaged in sexual intercourse. Between July 2013 and April 2015, the defendant induced or persuaded A.S. to produce and send sexually explicit pictures and videos of herself on multiple occasions through Groupme and/or email. Approximately two videos and 18 images depicting A.S. in a sexually explicit manor, consistent with child pornography, were located on the defendant's Samsung smartphone. The child pornography photographs and videos of A.S were produced and transmitted using materials that have been mailed, shipped, or transported in or affecting interstate or foreign commerce.

10. Between July 2013 and April 2015, the defendant sent many sexually explicit photographs of himself masturbating to A.S. through the internet using the application Groupme. Theses obscene photographs were transferred to A.S. by means or

3

facility of interstate commerce.

11. A forensic review of the defendant's Dell computer revealed approximately 120 images of child pornography, including images of children who had not attained the age of 12 years. The computer contained approximately 28 URLs which are consistent for searches for child exploitive materials. These URLs are reported as being accessed between May 9, 2013, and July 24, 2013.

12. Between April 1, 2013, and April 7, 2015, the defendant was required to register and was registered as a sex offender in the State of Florida for a conviction of lewd and lascivious molestation.

## ELEMENTS OF THE OFFENSES

*Count One – Production of Child Pornography*

1. an actual minor, that is, a real person who was less than 18 years old, was depicted;
2. the Defendant [employed] [used] [persuaded] [induced] [enticed] [coerced] the minor to engage in sexually explicit conduct for the purpose of producing a [visual depiction, e.g., video tape] of the conduct;
3. either (a) the Defendant knew or had reason to know that the [visual depiction, e.g., video tape] would be mailed or transported in interstate or foreign commerce; (b) the [visual depiction, e.g., video tape] was produced using materials that had been mailed, shipped, or transported in interstate or foreign commerce by any means, including by computer; or (c) the [visual depiction, e.g., video tape] was mailed or actually transported in interstate or foreign commerce.

*Count Two – Receipt of Child Pornography*

1. the Defendant knowingly received an item or items of child pornography;
2. the item[s] of child pornography had been [transported] [shipped] [mailed] in interstate or foreign commerce, including by computer; and
3. when the Defendant received the item[s], the Defendant believed the item[s] [was] [were] [contained] child pornography.

*Count Four – Transfer of Obscene Matter to a Minor*

1. the Defendant knowingly used the mail or any means or facility of interstate commerce to transfer obscene matter: and
2. the Defendant knew that he was transferring the matter to an individual less than 16 years old; and
3. the Defendant knew at the time of the transfer the general nature of the contents of the matter; and
4. The matter was obscene.

*Count Five – Penalties for Registered Sex Offenders*

1. the Defendant is required to register as a sex offender under Federal or other law; and
2. the Defendant commits a felony offense involving a minor under Title 18, United States Code, Section 1201, 1466A, 1470, 1591, 2241, 2242, 2243, 2244, 2245, 2251, 2251A, 2260, 2421, 2422, 2423, or 2425.


_____
JENNIFER HART
Attorney for Defendant

9/14/15
Date

_____
SAMUEL J. JOHNSON
Defendant

9/14/15
Date

CHRISTOPHER P. CANOVA
Acting United States Attorney

_____
JEFFREY M. THARP
Assistant U.S. Attorney
Northern District of Florida
Florida Bar No. 45066
21 East Garden Street, Suite 400
Pensacola, Florida 32502
(850) 444-4000

9/14/2015
Date

5